# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1655
_____

United States of America,       *
                                  *

          Appellee,         *

                                  *    Appeal from the United States

   v.                      *    District Court for the Eastern

                                  *    District of Arkansas.

Warren Jeffrey Brown,      *

                                  *          **[UNPUBLISHED]**

          Appellant.      *

_____

Submitted:  September 17, 2002
Filed:  September 20, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Warren Jeffrey Brown (Brown) appeals the district court's[1] denial of his motion to suppress statements and evidence after he entered a conditional guilty plea to possessing with intent to distribute 5 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Upon our review of the district court's findings of fact for clear error and its conclusions of law de novo, see United States v. Sturgis, 238 F.3d 956, 958 (8th Cir.), cert. denied, 122 S. Ct. 182 (2001), we affirm.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

The district court did not clearly err in finding, under the totality of the circumstances, that Brown's purported request to use the telephone to call counsel was not an unambiguous request for counsel to be present during Brown's subsequent interview with police, and that Brown voluntarily waived his Fifth Amendment right to have counsel present during the questioning by signing a waiver-of-rights form after twice being advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). See Davis v. United States, 512 U.S. 452, 459 (1994). Nor did the court clearly err in concluding under the totality of the circumstances that Brown's consent to search was not made involuntary by his alleged use of drugs earlier in the evening. See United States v. Gipp, 147 F.3d 680, 685-86 (8th Cir. 1998).

Brown also argues that the search was illegal because the police officers who conducted it were acting outside their territorial jurisdiction. This argument overlooks important facts. The suppression-hearing testimony shows that a drug agent with federal authority in drug cases participated in obtaining Brown's consent to the search, he thereafter entered Brown's residence with Brown and the police officers, he actively engaged in the search, and he remained on the premises until the search was complete. Brown's lack-of-jurisdiction argument fails.

Finally, we reject Brown's cumulative-error argument without further discussion.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.